UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LATRELL SHONTA GERMANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV1208SNLJ |
| ) | |
| **MOONRISE HOTEL,** ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

*Pro se* plaintiff has filed this ADA, 42 U.S.C. §§12101 *et. seq.* employment action alleging that she was subjected to harassment, retaliation, and termination of her employment due to a disability. This matter is before the Court on the defendant's Rule 12(b)(6) motion to dismiss [12], filed August 23, 2013. As of today's date, plaintiff has failed to file any type of responsive pleading.

Defendant asserts that plaintiff has failed to state a *prima facie* case of disability discrimination regarding her claims of harassment, retaliation, and termination of her employment. Defendant asserts that plaintiff's complaint fails to state any of the necessary elements of an ADA *prima facie* case and only makes the conclusionary statement that her civil rights were violated because of a disability. After careful consideration of the matter, and in light of the fact that plaintiff has failed to challenge the instant motion, the Court concurs with the defendant's argument and will grant the motion.

Firstly, the Court notes that plaintiff has failed to attach a copy of the EEOC charge of discrimination. Her complaint notes that the alleged discrimination occurred from "Aug 31st - Oct 21st" and that she filed a charge of discrimination with both the EEOC and the Missouri

Commission on Human Rights (MCHR) on November 16, 2012. Missouri is a joint-filing state; thus, plaintiff was required to file her charge of discrimination within 300 days of the alleged discrimination.  *See*, Henderson v. Ford Motor Co., 403 F.3d. 1026, 1032 (8th Cir. 2005); Russell v. Shop `N Save Warehouse Foods, 2010 WL 1462086, *4 (E.D.Mo. April 13, 2010). The timely filing of a charge of discrimination with the EEOC is not a jurisdictional prerequisite to filing a judicial complaint; however, it is a condition precedent similar to a statute of limitations and therefore, is subject to waiver, estoppel and equitable tolling.  *See*, Dorsey v. Pinnacle Automation Co., 278 F.3d. 830, 835 (8th Cir. 2002).  There is nothing in the plaintiff's complaint to indicate that the doctrines of waiver, estoppel and equitable estoppel apply and since plaintiff did not indicate the year in which the alleged discrimination occurred or when she received her "right-to-sue" letter(s), the Court cannot be certain plaintiff timely filed her EEOC/MCHR charge of discrimination.

Furthermore, without a copy of her EEOC/MCHR charge of discrimination, the Court cannot ascertain whether plaintiff has exhausted her administrative remedies as to the claims she now brings before the Court.  The ADA requires an administrative claim be filed and resolved prior to bring a judicial action on the same claim.  29 U.S.C. §§621-634; Randolph v. Rodgers, 253 F.3d 342, 347 n.8 (8th Cir. 2001); Habib-Stevens v. Trans States Airlines, 229 F.Supp.2d. 945, 946 (E.D.Mo. 2002); Hunter v. St. Anthony's Physician Organization, et. al., 2012 WL 1468506, *3 (E.D.Mo. April 27, 2012). "The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." Parisi v Boeing Co., 400 F.3d. 583, 585 (8th Cir. 2005) *citing* Shannon v. Ford Motor Co., 72 F.3d. 678, 684 (8th Cir. 1996). Although the reviewing court must liberally

2

construe the administrative charge when determining whether a particular claim has been administratively exhausted, the scope of the civil suit can only be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination.  Parisi, at 585 *citing* Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d. 827, 836 (8th Cir. 2000); Tart v. Hill Behan Lumber Co., 31 F.3d. 668, 671 (8th Cir. 1994).  Despite this liberal construction, "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." Parisi, at 585 *quoting* Shannon, at 684.  A plaintiff may not raise in federal court "[a]llegations outside the scope of the EEOC charge." Kells, at 836.

Again, since the Court does not have a copy of the plaintiff's EEOC/MCHR charge of discrimination, it cannot ascertain whether the plaintiff's judicial complaint mirrors the claims she brought before the administrative agency. There is simply no way for the Court to adjudicate whether the exhaustion requirement has been met wherein the allegations of her administrative charge are "like or reasonably related" to the claims asserted in her judicial complaint.  If her judicial claims are outside the scope of her EEOC/MCHR charge, then this Court would not have jurisdiction.

Assuming for purposes of the instant motion, that plaintiff has timely filed her administrative charge, has timely filed her judicial complaint, and her judicial claims mirror the claims in her administrative charge, her complaint must still be dismissed without prejudice.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams,

490 U.S. 319, 326-27 (1989).  A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id., 550 U.S. at 555.  A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 550 U.S. at 555.  However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed.  Cole v. Homier Distributing Co., Inc., 599 F.3d. 856, 861 (8th Cir. 2010)(*citing* Ashcroft v. Iqbal,  - U.S. -, 129 S.Ct. 1937. 1950 (2009)).

    In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003).  While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice.  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.(internal citations omitted).  "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002).  In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the

4

necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 550 U.S. at 556; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d. 866, 870 (8th Cir. 208). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, -U.S. -, 129 S.Ct. 1937. 1950 (2009)(*quoting* Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. at 1950. Furthermore, when reviewing a *pro se* complaint, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The pertinent facts as alleged in the plaintiff's complaint are as follows.  In July 2012[1], plaintiff began having muscle spasms, stiffness, and pain in her back.  In August 2012, plaintiff sought and was granted FMLA leave for the entire month of August 2012.  At the end of August, plaintiff returned to work with a doctor's note as to her limitations regarding lifting and standing.  In the beginning of September 2012, plaintiff was informed by defendant that she could not return to work unless she provided a second doctor's note stating what she could and could not do on the job.  Plaintiff avers she returned a few days later with a doctor's note in which it stated that she could only do "light duty work."  Plaintiff attests that she was told there was not "light duty work" available.  Plaintiff filed an unemployment claim which evidently was granted in her favor.

Plaintiff further attests that she returned to work on October 21, 2012 with no problems.  However, on November 7, 2012 plaintiff was told by management that someone had reported her as "being under the influence" and that she was being sent immediately for a drug test.  She avers that the drug testing facility was closing when she arrive; thus, she was not tested.  Upon returning to the hotel she was informed that she could not return to work until she was tested.  Plaintiff avers that upon telling her supervisors that she was going home, she was told that if she left, she would be terminated from her employment.  Her supervisors arranged for someone to come to the hotel to perform the drug testing.  While waiting for the testing, plaintiff wanted to smoke a cigarette but was not allowed to in the usual "smoking allowed" areas; instead, she had to smoke her cigarette in a guest area while being supervised.

---

[1]As referenced before, nowhere in plaintiff's complaint does she state the year(s) of her employment or the year in which the alleged discrimination took place.  However, the defendant uses the year "2012" and so for purposes of the instant motion, the Court will take judicial notice of the defendant's recitation of the year "2012" as when the events leading up to this lawsuit took place.

Plaintiff asserts that she was "put through all this inconvenience" because she had earlier written a letter to "corporate" at Moonrise and (at least) one email[2] alleging 1) that certain employees were promoted prior to completion of their six (6) months of employment; 2) the housekeeping department is disorganized and full of lazy employees; 3) that employees regularly engage in illicit drug activities and management is aware of this; 4) that guests have harassed employees and management overlooks it; and 5) defendant could have been sued many times. Plaintiff's Exhibit [1-1]. As for her drug testing incident, plaintiff contends that she was not "under the influence" at the time but that others were; yet she was fired. Plaintiff's Exhibit [1-1].

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12111(a). The ADA defines "a qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §12111(8). To establish a *prima facie* case of discrimination under the ADA, a plaintiff must establish that (1) s/he is disabled within the meaning of the ADA; (2) s/he is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) s/he has suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination based on disability. Olsen v. Capital Region Medical Center, 713 F.3d. 1149, 1153-54 (8th Cir. 2013); Henderson, at 1034; Bass v. SBC Communications, 418 F.3d. 870, 873 (8th Cir. 2005); Ristrom v. Asbestos Workers Local 34 Joint Apprentice Committee, 370 F.3d. 763, 768 (8th Cir. 2004); Dropinski v.

---

[2]Plaintiff's Exhibits [1-1 and 1-2].

7

Douglas County, Nebraska, 298 F.3d. 704, 706 (8th Cir. 2002); Spangler v. Federal Home Loan Bank of Des Moines, 278 F.3d. 847, 850 (8th Cir. 2002); Lowery v. Hazelwood School District, 244 F.3d. 654, 657 (8th Cir. 2001).

The ADA further defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such impairment." 42 U.S.C. §12102(2). The ADA itself does not define the term "major life activities;" however, EEOC regulations define "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1630.2(i)(2001); 45 C.F.R. §84.3(j)(2)(ii)(2001); Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184 (2002); Conant v. City of Hibbing, 271 F.3d. 782, 784 (8th Cir. 2001); Brunko v. Mercy Hospital, 260 F.3d. 939, 941 (2001). Sitting, standing, lifting, and reaching have also been considered major life activities. *See*, Brunko, at 941; Cooper v. Olin Corp., Winchester Division, 246 F.3d. 1083, 1088 (8th Cir. 2001); Snow v. Ridgeview Medical Center, 128 F.3d. 1201, 1206 n.3 *citing* Helfter v. United Parcel Service, 115 F.3d. 613, 616 (8th Cir. 1997).

Finally, plaintiff must show that the limitation on the major life activity is "substantial." A "substantial limitation" is not a limitation which only interferes in a minor way with a major life activity. Toyota Motors Mfg., 534 U.S. at 195-198. The ADA "addresses substantial limitations on major life activities, not utter inabilities." Moysis v. DTG Datanet, 278 F.3d. 819, 825 (8th Cir. 2002) *quoting* Bragdon v. Abbott, 524 U.S. 624, 641 (1998). An impairment is substantially limiting if an individual is "[s]ignificantly restricted as to the condition, manner, or duration under which . . . the average person in the general population can perform that same

major life activity." 29 C.F.R. 1630.2(j)(ii); Moysis, at 825; Conant, at 784; Snow, at 1206. Thus, to be substantially limited in a major life activity, "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives . . . [t]he impairment must also be permanent or long-term." Toyota Motors Mfg., 534 U.S. at 198.

Under the MHRA the plaintiff must show that she is 1) disabled within the meaning of the MHRA; 2) qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) suffered an adverse employment action because of the alleged disability. Olsen, at 1154 *citing* Kammueller v Loomis, Fargo & Co., 383 F.3d. 779, 784 (8th Cir. 2004). Missouri law defines a "disability" as a "physical or mental impairment" that "with or without reasonable accommodation does not interfere with performing the job." Olsen, at 1154 *quoting* §213.010(4) R.S.Mo.

Plaintiff's complaint fails to identify any of the essential elements of a disability claim. Plaintiff nowhere identifies her alleged disability, nor properly asserts that she is disabled but qualified to perform the functions of her job with or without accommodations. In fact, nowhere in the complaint does plaintiff even identify the job she was performing during the relevant time-period. Finally, plaintiff even fails to state the reason given by defendant for being terminated from her employment.[3]

Plaintiff has also failed to adequately state her claims of harassment and retaliation. Not only has she failed to identify her disability, but she has failed to identify the harassing acts taken by the defendant due to her disability. In fact, she believes that she was singled out for the drug

---

[3]The Court can only presume that despite her protestations to the contrary, her drug testing results were positive.

testing because of the letter she wrote to "corporate." "I was not under the influence I feel the only reason I was put through all this is due to the letter I sent to corporate telling about the things that were going on at the moonrise hotel." Plaintiff's Complaint [1], pg 10. Even her letter fails to allege any type of discrimination or harassment due to a disability.

Finally, as to her retaliation claim, this too fails.  In order to assert an ADA retaliation claim, a plaintiff must show 1) that s/he engaged in a statutorily protected activity; 2) an adverse employment action was taken, and 3) the adverse employment action was the result of the statutorily protected activity.  See, Stewart v. Indep. Sch. Dist. No. 196, 481 F.3d. 1034, 1043 (8thCir. 2007); Thompson v. Bi-State Dev. Agency, 463 F.3d. 821, 826 (8th Cir. 2006); Henderson, at 1036.

Again, plaintiff's complaint is devoid of any facts demonstrating any of the essential elements of an ADA retaliation claim.  At best plaintiff has alleged that due to a letter she sent voicing a litany of "wrongdoings" involving other employees, she was subjected to a drug test. However, the letter completely fails to allege any type of discrimination, especially disability discrimination, being leveled against the plaintiff; thus, it does not constitute a statutorily protected activity.

Plaintiff simply believes that "she was done wrong;" i.e, subjected to a drug test and fired because she complained about numerous alleged wrongdoings going on at the Moonrise Hotel.

In summary, plaintiff's complaint fails to allege claims of disability discrimination, harassment, and/or retaliation under the ADA for which relief can be granted.  Consequently, her complaint will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [12] be and is **GRANTED.** Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE** in its entirety.  No further action shall be taken.

Dated this 30th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE